**Kevin DOWLING, Plaintiff,**

v.

**AMERICAN HAWAIʻI CRUISES, INC., et al., Defendants.**

**Civ. No. 89–00652ACK.**

United States District Court, D. Hawaiʻi.

May 2, 1994.

0732–IEG, the district court distinguished *Torres* and did not adopt its reasoning.

Lunsford Dole Phillips, Honolulu, HI, Curtis Gordon, Gretna, LA, Michael J. Keane, Laurie M. Gindin, New York City, Jay L. Friedheim, Honolulu, HI, for plaintiff.

Robert G. Frame, Leonard F. Alcantara, John O'Kane, Jr., Alcantara & Frame, Honolulu, HI, for defendants.

### ORDER DENYING DEFENDANTS' MOTION TO LIMIT THE SIZE AND SCOPE OF RETRIAL

KAY, Chief Judge.

#### I. INTRODUCTION

Defendants American Hawaii Cruises, Inc., American Hawaii Cruises Joint Venture, and American Global Lines, Inc. (collectively "Defendants") bring a motion to limit the size and scope of retrial. Specifically, they seek to limit live testimony to: (1) medical professionals who have treated Plaintiff since the prior trial, (2) the parties' medical experts, (3) Defendants' vocational rehabilitation specialist, (4) Plaintiff's economist, (5) the parties' admiralty experts, and (6) law witnesses who can testify about Defendants' safety committee findings. They ask the Court to mandate that, except for the previously-detailed testimony, all testimony by witnesses testifying at the first trial be submitted by trial transcript of the first trial.

Plaintiff Kevin T. Dowling ("Plaintiff") opposes, contending that no legal basis exists for compelling parties to agree to use only the prior trial's evidence.

For the reasons stated below, the Court DENIES Defendants' motion.

#### II. BACKGROUND

Plaintiff sued Defendants under the Jones Act, 46 U.S.C. § 688, and general maritime law, for injuries he suffered during a fall while working aboard Defendants' ship, the S.S. Independence. Plaintiff claims his fall was caused by oil on the deck leaking from a defective "roller chock," a piece of deck machinery. The case went to a jury, which found against Plaintiff on the grounds that Defendants were not negligent and the S.S. Independence was seaworthy. Plaintiff appealed, claiming this Court erred both by finding that the minutes of meetings of the ship's safety committee were privileged and therefore immune from discovery, and by applying the wrong standard for seaworthiness. The Ninth Circuit held that this Court committed error with regard to the safety committee minutes issue. *Dowling v. American Hawaii Cruises, Inc.,* 971 F.2d 423, 424 (9th Cir.1992). Hence, the Ninth Circuit reversed the jury verdict in favor of Defendants and remanded for new trial. *Id.* at 427. Accordingly, the Ninth Circuit did not address whether this Court properly defined the law of seaworthiness.

#### III. DISCUSSION

A federal judge has broad discretion in supervising trials. *United States v. Laurins,* 857 F.2d 529, 537 (9th Cir.1988). Naturally, the judge's use of that discretion when

conducting a new trial is guided by principles of law applicable to new trials.

Absent any stipulations by the parties to the contrary, a new trial proceeds *de novo. Nelson v. All Am. Life & Fin. Corp.,* 889 F.2d 141, 152 (8th Cir.1989); *Day v. Amax, Inc.,* 701 F.2d 1258, 1263 (8th Cir.1983); *see also United States v. Ordonez,* 722 F.2d 530, 540 (9th Cir.1983) ("In fairness to both sides, we must vacate the trial court's order denying disclosure, to avoid application of the law of the case doctrine. This question must be remanded for de novo proceedings in the event of a new trial."). Hence, at new trial, parties are not confined to the evidence previously adduced. *Dopp v. HTP Corp.,* 947 F.2d 506, 519 (1st Cir.1991).

In the instant action, the parties have not stipulated to the limitations on retrial sought by Defendants. In fact, Plaintiff specifically opposes being so limited. Plaintiff asserts that while he will be offering some of the trial transcripts, he will be seeking to submit new live testimony. As an example, Plaintiff maintains he will be offering further live testimony on the issue of the size and frequency of the leak from the roller chock pedestal. Plaintiff contends the further live testimony will be very brief.

Because parties are not required to rely solely on previously adduced evidence when conducting a new trial and because the parties have not stipulated to the limitations requested by Defendants, the Court DENIES Defendants' motion.

## IV. *CONCLUSION*

For the foregoing reasons, Defendants' motion is DENIED.

IT IS SO ORDERED.